UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA,<br><br>    Plaintiff,<br><br>    v.<br><br>INYO COUNTY,<br><br>    Defendant. | No. 2:18-cv-2536 AC P<br><br><br>ORDER |

    Plaintiff, a state prisoner proceeding pro se, seeks to invalidate his conviction in the Alameda County Superior Court on the grounds that the prosecution withheld exculpatory evidence and a subpoena was improperly admitted into evidence. ECF No. 1. Although plaintiff attempts to characterize this action as one for relief from judgment under Federal Rule of Civil Procedure 60, Rule 60 does not provide a basis for relief from a state court judgment. Holder v. Simon, 384 F. App'x 669 (9th Cir. 2010) ("The district court properly dismissed [plaintiff's] complaint sua sponte because Rule 60(b) does not provide a basis for subject matter jurisdiction over a claim for relief from a state court judgment." (citing Fed. R. Civ. P. 60(b), (d); Fed. R. Civ. P. 12(h)(3))). Plaintiff is clearly seeking to challenge his conviction and sentence and seeks relief that is only obtainable through a petition for writ of habeas corpus. Pursuant to 28 U.S.C § 2241(d), courts in both the district of conviction and the district of confinement have concurrent jurisdiction over applications for habeas corpus filed by state prisoners. Because plaintiff was not

convicted in this district, and is not presently confined here, this court does not have jurisdiction to entertain his habeas petition. In the instant case, both plaintiff's place of conviction and place of incarceration are counties covered by the District Court for the Northern District of California. 28 U.S.C. § 84(a).

Accordingly, in the furtherance of justice, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of California.

DATED: October 31, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE